70 F.3d 1274
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles E. SHEPHERD, Plaintiff-Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH, Lorna Winterrowd, Margie
Williams, Ethel Rucker, Robert Diezi, and J.J.
Barry, Defendants-Appellees.
 No. 94-2542.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 17, 1995.*
Decided Nov. 20, 1995.
 
 Before FLAUM, MANION and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Charles Shepherd appeals the district court's dismissal of his claims against his former employer, American Telephone & Telegraph ("AT & T"), his supervisors, and union leaders of the International Brotherhood of Electrical Workers. Because Shepherd has failed to cite any legal authority or to present any argument that would challenge the district court's decision on the merits in violation of Federal Rule of Appellate Procedure 28(a)(6), we affirm.
 
 
 2
 In 1993 Shepherd filed a pro se complaint against his former employer, AT & T, alleging sexual harassment, discriminatory termination, a conspiracy to violate his civil rights, breach of the duty of fair representation, and other conduct in violation of 42 U.S.C. Secs. 1981, 1983, 1985 as well as Title VII. Although counsel was later appointed to assist Shepherd in drafting an amended complaint, this filing was dismissed without prejudice in March 1994 because of several deficiencies including the failure to exhaust administrative remedies, the expiration of the statute of limitations, and the district court's lack of subject matter jurisdiction. The court stated that Shepherd could refile if good faith arguments were made to correct these deficiencies. Shepherd filed a second amended complaint but did not address these claims; instead, he charged the defendants with breaching their fiduciary duty under the Labor Management Reporting and Disclosure Act, 29 U.S.C. Sec. 501, through their refusal to protect Shepherd's interests against his former employer. Because Shepherd sought to reap benefits that would inure solely to him personally and not to the union as a whole, the district court held that Shepherd's complaint failed to state a claim under Sec. 501(b) and dismissed it with prejudice. Shepherd's motion to alter or amend the judgment under Rule 59(e) was also denied.
 
 
 3
 In his appellate brief, Shepherd fails to make a coherent argument challenging the legal basis of the district court's decision. Instead, he claims that there was possible collusion between the district court judge and AT & T because the judge had been invited to an AT & T social function by a member of AT & T's Board of Directors while this case was pending before him. Shepherd also contends that the judge's bias was reflected in the final opinion because the judge stated that he did not want to see the plaintiff receive more benefits than the union.
 
 
 4
 Shepherd does not cite the statute under which the district court judge should have disqualified himself. A motion for recusal grounded on the judge's actual bias under 28 U.S.C. Sec. 144 must include a timely and sufficient affidavit outlining the facts and the reasons for the belief that bias or prejudice exists. Shepherd never filed an affidavit or a motion with the district court and therefore waives the issue under Sec. 144. United States v. Towns, 913 F.2d 434, 443 (7th Cir.1990). A claim under 28 U.S.C. Sec. 455(a) which requires a judge to disqualify himself where the appearance of impropriety exists is also untimely because relief under this section is prospective only and does not vitiate acts taken before the motion was filed. United States v. Widgery, 778 F.2d 325, 328 (7th Cir.1985).
 
 
 5
 Finally, there is no basis for disqualification under 28 U.S.C. Sec. 455(b)(1) because there is no suggestion in the record that the district court judge actually held a personal bias or prejudice against Shepherd. The statement upon which Shepherd relies to establish bias is an inaccurate characterization of the district court's opinion. After a careful summary of the caselaw, the district court merely concluded that Shepherd had no claim under 29 U.S.C. Sec. 501(b) because he sought relief for a purely private dispute between a single union member and union officials regarding a single grievance. However the statute, the court reasoned, was intended to create a cause of action for those individuals who sought damages or other appropriate relief "for the benefit of the labor organization" and all its members. We find no indication of bias in the court's reasoning. See Liteky v. United States, 114 S.Ct. 1147, 1155-57 (1994).
 
 
 6
 Although we acknowledge that Shepherd proceeds pro se in this appeal, his failure to delineate some argument beyond a general assertion of error in the district court's opinion dictates affirmance of that court's decision. In re Maurice, 21 F.3d 767, 774 (7th Cir.1994) ("This court will not do [the appellant's] legal research and analysis.").
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement was filed. Accordingly, the appeal is submitted on the briefs and the record